Qiaojing Ella Zheng (CSB No. 294608)
qzheng@sanfordheisler.com
SANFORD HEISLER SHARP MCKNIGHT, LLP
300 Hamilton Avenue, 5th Floor
Palo Alto, CA 94301
Telephone: 650-547-5991

Sarah Chu (*pro hac vice*)
schu@sanfordheisler.com
SANFORD HEISLER SHARP MCKNIGHT, LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: 202-499-5223

Attorneys for Plaintiff
BRENDA SMITH

SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Carrie L. Daughters (SBN 184748)
cdaughters@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
VIR BIOTECHNOLOGY, INC.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. BRENDA SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>VIR BIOTECHNOLOGY, INC.,<br><br>        Defendant. | Case No.: 3:25-cv-09682-TSH<br><br>**STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

324071036v.1

3. **LIAISON**

The parties have identified the following liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI: For Plaintiff - HLP Integration; For Defendant – Kathleen McConnell. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)      Only ESI created or received between August 2020 and October 31, 2023 will be preserved;

b)      As needed, the parties will meet and confer and will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c)      As needed, the parties will agree on the number of custodians per party for whom ESI will be preserved;

d)      The parties agree that the following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and as such, the parties agree that they do not need to be preserved:

1.      Deleted, shadowed, fragmented, residual, or cached data, temporary files, random access memory ("RAM"), or ESI that would only be accessible by taking a forensic (bit stream) image of a device.

2.      Data in metadata fields that are frequently updated automatically, such as last-opened dates.

3.      Server, system, or network logs.

2

324071036v.1

4.      Corrupted data or data containing viruses.

5.      Back up tapes or other storage media used for disaster recovery purposes.

e) Nothing in this Order shall be interpreted to require disclosure of information that the Court has ruled is irrelevant or not proportional to the needs of the case, or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of hard-copy documents and ESI.

5.  **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6.  **PRODUCTION FORMATS**

The parties agree to produce documents in the formats described below. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

a.  **Images**. The parties will produce images in Group IV Single Page TIFF format, scanned at 300 DPI, or searchable pdfs, with Bates numbers stamped on the bottom right. Confidentiality designations will be stamped on the bottom left. Files shall be named by BegBates.

b.  **Native Files**. The parties will produce spreadsheets (*e.g.*, Excel, CSV, and other delimited text files) and multimedia files in native format where reasonably available, with the exception of native files that correspond to produced documents that have been redacted. Where documents are produced in native format, the Parties shall rename the file to the BegBates Number and include any confidentiality designation therein as well. The Parties shall provide placeholder images with Bates and confidentiality branding for each natively produced document.

c.  **Parent-Child Relationships**. Parent-child relationships (*e.g.*, the association between

3

STIPULATED PROTECTIVE ORDER

324071036v.1

emails and attachments) will be preserved. Where responsive and not privileged, email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata as specified in **Exhibit A**.

d.  **Bates Numbering**. All documents produced in image format will include a legible, unique page identifier ("Bates Number") electronically embossed onto each page. With respect to the identification of files produced in their native format, the parties shall identify each file produced using the BegBates Number as the name, and link in the applicable load file. Plaintiff will use a Bates number like the following: **SMITH001**. Defendant will use a Bates number like the following: **VIR001**. No other legend or stamp will be placed on the document image other than confidentiality legends (where applicable) or redactions. The parties acknowledge that production of multiple documents at once may at times result in a Bates number that obliterates or obscures information, and the parties agree to work together in good faith to address specific issues as they arise.

e.  **File Naming Conventions**. Each TIFF Image shall be named with the unique Bates Number of the page of document. Each corresponding text file shall also be named with the BegBates Number of the document.

f.  **Load Files.** The parties shall produce a Concordance load file with each production.  Each load file shall include the metadata fields provided in **Exhibit A** to the extent that they are available as a part of standard processing. The parties recognize that metadata is not equally as important for all types of documents (*e.g*., policies, etc.), but shall provide it, consistent with the foregoing for any larger scale ESI productions. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

g.  **Extracted Text/OCRed Text**. The parties shall produce extracted text in ASCII format, or OCR files reflecting the full text (apart from any redactions) that has been electronically extracted from each produced document, whether its original form is hard copy or electronic. The OCR and extracted text files shall be produced in a manner suitable for importing the information into commercially available document management or litigation support

4

324071036v.1

software.

**h. Redactions.** Redacted files should be produced as TIFFs in redacted form with applicable text files containing extracted or OCRed text acquired after redaction.

7. **PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet & confer about phasing the production of ESI and about the sources and custodians for the initial production. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

a)      The parties have included a Federal Rule of Evidence 502 stipulation and order in the Protective Order entered in this matter.

b)      Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 17, 2026          _/s/ Sarah Chu_
                               Counsel for Plaintiff

Dated: April 17, 2026          _/s/ Carrie Daughters_
                               Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: April 17, 2026                 _T.M. H[illegible signature]_
                    UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

324071036v.1

### EXHIBIT A

### Metadata Fields for Production

Note: Metadata Field names may vary depending on the application which generates them. For example, Microsoft Outlook creates different Metadata Field names than does Google Workspace. Accordingly, the chart below describes the Metadata Fields to be produced in generic, commonly used terms which the producing party is to adapt to the specific types of ESI it is producing.

| Field Name | Description | Email | Loose Files/ Att. |
|---|---|---|---|
| StartBates | The Bates number for the first page of the document. | ☒ | ☒ |
| EndBates | The Bates number for the last page of the document. | ☒ | ☒ |
| Start Attachment | The first Bates number of the first attachment to an email. | ☒ | ☐ |
| End Attachment | The ending Bates number of the last page of the last attachment to an Email. | ☒ | ☐ |
| ParentBates | First Bates number of the parent document for each attachment record. | ☐ | ☒ |
| From | The reported sender of an Email message. | ☒ | ☐ |
| To | The reported recipient(s) of an Email message contained in the "To" field. | ☒ | ☐ |
| CC | The reported recipient(s) of an Email message contained in the "CC" field. | ☒ | ☐ |
| SentDate | The date on which an Email was sent by the user's Email software (if available) in Pacific time. | ☒ | ☐ |
| SentTime | The time at which an Email was sent by the user's Email software (if not included in SentDate) in Pacific time. | ☒ | ☐ |
| EmailSubject | The Subject Line of an Email. | ☒ | ☐ |

6

STIPULATED PROTECTIVE ORDER

324071036v.1

| Field Name | Description | Email | Loose Files/ Att. |
|---|---|---|---|
| Attachment Count | The number of attachments to an Email | ☒ | ☐ |
| FileName | The file name. | ☒ | ☒ |
| FileExt | The file extension. | ☒ | ☒ |
| Author | The author of the file as extracted from the file metadata. | ☐ | ☒ |
| CreatedDate | The date the file was created as extracted from the file metadata. | ☐ | ☒ |
| CreatedTime | The time the file was created as extracted from the file metadata. | ☐ | ☒ |
| LastModDate | The date on which the file was last modified as extracted from the file metadata. | ☐ | ☒ |
| LastModTime | The time at which the file was last modified as extracted from the file metadata. | ☐ | ☒ |
| MD5Hash or SHA-1 Hash | The MD-5 hash value of the file. | ☒ | ☒ |
| TEXTPATH | The path to the extracted text for the file (if needed). | ☒ | ☒ |
| NATIVE PATH | The path to the native document on the production media (where native file is produced). | ☒ | ☒ |

7

STIPULATED PROTECTIVE ORDER

324071036v.1